IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| ALL-STAR MEDICAL, LLC. ) | |
| EIN: XX-XXX2851 ) | CASE NO. 17-82507-CRJ11 |
| ) | |
| Debtor. ) | CHAPTER 11 |
| ) | |

**MOTION TO MODIFY CONFIRMED PLAN OF REORGANIZATION OR ALTERNATIVELY TO MAKE ADEQUATE PROTECTION PAYEMNTS**

COMES NOW, All-Star Medical, LLC, as Debtor and Debtor in Possession ("Debtor"), and files this Motion to Modify Confirmed Plan of Reorganization or Alternatively to Make Adequate Protection Payments and in support thereof says:

1. On or about August 24, 2017, the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division ("Court").

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of Debtor's Chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. During the course of this Chapter 11 case, Debtor has continued to operate its business as a provider of durable medical equipment to patients in need pursuant to §§ 1107(a) and 1108.

4. On April 18, 2018 this Court entered an Order Confirming the Debtor's Fourth Amended Chapter 11 Plan of Reorganization [Doc.160].

5. Since this time the Debtor has operated under the terms of the Confirmed Plan and commenced making payments per the plan. However, the Debtor has been unable to

achieve substantial consummation and commencing in December, 2018 the Debtor has not been able to meet all of its payment obligations under the terms of the Plan.

6. Section 1127 of the Bankruptcy Code provides for the modification of the Debtor's confirmed Chapter 11 Plan so long as the plan complies with §§1122 and 1123 of the Bankruptcy Code. Section 1122 deals with classification of claims and Section 1123 sets forth the content of the Plan. Since the Debtor merely seeks to postpone payments under the plan for a period of 120 days, it submits that such a modification complies with these sections of the Bankruptcy Code.

7. Post confirmation the Debtor has had a difficult time meeting its obligations under its Plan. The revenues actually received in the 4th quarter did not meet its expectations. These problems have only been made worse by the government shut down.

8. The government shut down affects the Debtor because much of its income comes from Medicare. The Shutdown results in the Debtor's accounts receivable from Medicare being paid much more slowly than prior to the shutdown.

9. The combination of lower revenues that expected combined with the unforeseen government shutdown has had a significant adverse impact on the Debtor's ability to operate. Indeed, this week the Debtor further consolidated its operations by closing its Huntsville store and merging that business into its Madison location.

10. While the Debtor continues to make some payments under the terms of its plan, it is in need of suspending plan payments for a period of 120 days or alternatively reducing those payments to interest only.

WHEREFORE, PREMISES CONSIDERED, Debtor, All Star Medical, LLC respectfully requests that this Court authorize the Debtor to suspend plan payments under the terms of its Plan

as requested herein, or alternatively allow for the modification of its plan to pay interest only, plus grant it such further and additional relief as this Court deems just and proper.

Respectfully submitted this 15th day of January, 2019.

/s/ Kevin D. Heard
Kevin D Heard
Attorney for Debtor
HEARD, ARY & DAURO, LLC
303 Williams Avenue
Park Plaza, Suite 921
Huntsville, Alabama 35801
Telephone: (256) 535-0817
Fax: (256) 535-0818
kheard@heardlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of Janauary, 2019, I served a copy of the foregoing **Motion to Modify Confirmed Plan of Reorganization** on the parties listed below and on the attached matrix by depositing the same in the United States Mail, postage prepaid and properly addressed, via electronic mail at the e-mail address below, unless the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures as indicated below:

**Notice will be electronically mailed to:**

Richard M Blythe
Richard_Blythe@alnba.uscourts.gov, courtmaildec@alnba.uscourts.gov

Chad Ayers
Atttorney for Progress Bank
cayres@wilmerlee.com

C. Stephen Alexander, alalwyer@aol.com
Counsel for Invacare Corporation;

**Notice will not be electronically mailed to:**

**All parties on the attached matrix were served via U.S. Mail.**

/s/ Kevin D. Heard
Kevin D. Heard